## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC<br><br>PLAINTIFF<br><br>v.<br><br>KEVIN M. GRAY and<br>LAKE ARROWHEAD COMMUNITY, INC.<br><br>DEFENDANT(S) | CIVIL ACTION NO: |

### COMPLAINT FOR REFORMATION OF MORTGAGE AND FOR FORECLOSURE

NOW COMES Plaintiff Carrington Mortgage Services, LLC by and through its attorneys, Korde & Associates, P.C., and complains against Defendants pursuant to 14 M.R.S. § 6321 et seq. and 4 M.R.S. § 152(5) saying further as follows:

### JURISDICTION AND VENUE

1. This Court has diversity jurisdiction pursuant 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to Plaintiff's claims transpired in Maine and the property is located in Maine.

**PARTIES**

3.     Plaintiff Carrington Mortgage Services, LLC is a Limited Liability Company organized under the laws of State of Delaware with a principal place of business located at 1600 Douglass Road, Suite 110 & 200-A, Anaheim, CA 92806.

4.     Defendant Kevin M. Gray is an individual with a last known address of 665 New Dam Road, North Waterboro, ME 04061.

5.     Defendant Lake Arrowhead Community, Inc. is a Maine Limited Liability Company with an address of its Clerk/Registered Agent c/o Michael D. Traister, Esq., 75 Pearl Street, P.O. Box 9785, Portland, ME 04104-5085.

**FACTS**

6.     Kevin M. Gray is the owner of certain real property located at 665 New Dam Road, North Waterboro, ME, by virtue of a deed from James R. Bryant and Kimberley Bryant to Kevin M. Gray dated May 9, 2003 and recorded in the York County Registry of Deeds on June 3, 2003 in Book 12965, Page 252 (hereinafter referred to as the "Vesting Deed").

7.     On August 12, 2021, Kevin M. Gray executed and delivered to United Wholesale Mortgage, LLC a certain promissory note in the original principal amount of $206,043.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A.

8.     Plaintiff is entitled to enforce the Note, as United Wholesale Mortgage, LLC executed an endorsement payable to blank appearing on the original Note, rendering the Note enforceable by the party that is in possession of the original Note.

9.     Plaintiff certifies that the owner of the Note is Carrington Mortgage Services, LLC.

10.    To secure the Note, Kevin M. Gray granted to United Wholesale Mortgage, LLC a mortgage in the amount of $206,043.00 dated August 12, 2021 and recorded on August 17, 2021

in the York County Registry of Deeds in Book 18772, Page 10 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit B.

11. The property secured by the Mortgage is known as 665 New Dam Road, North Waterboro, ME 04061, and is more particularly described in the Mortgage (the "Premises").

12. The Mortgage was assigned by Assignment from United Wholesale Mortgage, LLC to Mortgage Electronic Registration Systems, Inc. as nominee for United Wholesale Mortgage, LLC dated September 27, 2021 and recorded on September 27, 2021 in Book 18816, Page 457. A copy of the Assignment is attached in Exhibit C.

13. The Mortgage was assigned by Assignment from Mortgage Electronic Registration Systems, Inc. to United Wholesale Mortgage, LLC dated February 16, 2022 and recorded on February 16, 2022 in Book 18956, Page 46. A copy of the Assignment is attached in Exhibit C.

14. The Mortgage was assigned by Assignment from United Wholesale Mortgage, LLC to Carrington Mortgage Services, LLC dated May 16, 2022 and recorded on May 18, 2022 in Book 19028, Page 531. A copy of the Assignment is attached in Exhibit C.

15. The Mortgage was assigned by Assignment from United Wholesale Mortgage, LLC to Carrington Mortgage Services, LLC dated May 27, 2022 and recorded on June 1, 2022 in Book 19039, Page 342. A copy of the Assignment is attached in Exhibit C.

16. Defendant Lake Arrowhead Community, Inc. may claim an interest in the Premises by virtue of its incorporation as a homeowners' association.

17. Defendant Kevin M. Gray is presently in default on the Note and due for the monthly payment due August 1, 2022, and all payments due thereafter, thereby breaching a condition of the Mortgage.

18. By letters dated November 24, 2022, notice was provided that the Note was in

default and of the right to cure the default. Copies of the notices are attached hereto as Exhibit D.

19. The notices were given on November 24, 2022 by first class mail, postage prepaid with a United States Postal Service Certificate of Mailing and by certified mail, return receipt requested, and therefore have expired.

20. In accordance with the Note and Mortgage, the entire principal amount outstanding, accrued interest thereon, and all other sums due under the Note and Mortgage have been declared to be presently due and payable.

21. As of January 31, 2023, the following amounts are due and payable to Plaintiff, exclusive of costs of collection, including attorney's fees, under the terms of the Note and the Mortgage:

| | |
|---|---:|
| Principal Balance | $201,917.67 |
| Accrued Interest | 2,716.07 |
| Late Charges | 214.35 |
| Property Inspection Fees | 200.00 |
| Property Preservation Fees | 30.00 |
| Suspense Balance (credit) | (167.10) |
| FHA Premium Charge | 262.04 |
| Total | $205,222.35 |

Additional interest is accruing on said principal balance from said date at a rate of $18.23 per day.

22. Plaintiff anticipates that additional disbursements will be made for attorney's fees and other services rendered during the foreclosure and sale.

### COUNT I – REFORMATION OF MORTGAGE

23. Plaintiff repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. As aforesaid, Defendant is owner of the involved real estate by virtue of the Vesting Deed.

25. The Vesting Deed describes the realty by reference to being a lot on recorded plans, as follows: "Lot #A141 as shown on the Plans of Lake Arrowhead Estates, recorded in York

County Registry of Deeds in *Plan Book 62*, Page 25 and Plan Book 52, *Page 48*" (emphasis added).

26. The Mortgage, hereinafter referenced, refers to the realty also via recorded plan(s), and states as follows: "Lot #A141 as shown on the Plans of Lake Arrowhead Estates, recorded in York County Registry of Deeds in *Plan Book 62*, *Page 48*" (emphasis added) thus omitting the information between those two references, to wit: "Page 25 and Plan Book 52."

27. Upon information and belief, the aforesaid omission was a scrivener's error, and the Mortgage ought to be reformed to refer to the correct plan book and page references.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court: Reform the Mortgage as to correct the description of the real estate, by referring to the correct plan books and pages, to wit: "Plan Book 62, Page 25 and Plan Book 52, Page 48"; and Grant such other and further relief as the Court may determine proper.

## COUNT II - FORECLOSURE

28. Plaintiff repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for reformation of mortgage and for foreclosure and title to real estate located at 665 New Dam Road, North Waterboro, York County, Maine 04061. See Exhibit B.

30. Plaintiff is entitled to enforce the Note, as United Wholesale Mortgage, LLC executed an endorsement payable to blank appearing on the original Note, rendering the Note enforceable by the party that is in possession of the original Note. See Exhibit A.

31. Plaintiff, directly or through its agent, is in possession of the original Note, Mortgage and any assignments.

32. Plaintiff, Carrington Mortgage Services, LLC, is the current owner of the Mortgage

and Note.

33. Plaintiff is the party entitled to collect the debt evidenced by said Note and is the party entitled to enforce the Mortgage, and has the right to foreclose the Mortgage.

34. Defendant, Kevin M. Gray is presently in default on the Note and due for the monthly payment due August 1, 2022, and all payments due thereafter, thereby breaching a condition of the Mortgage and the Note.

35. The default has not been cured and all sums due under the Note and Mortgage are presently due and payable.

36. The total amount due on the Note and Mortgage as of January 31, 2023 is $205,222.35.

37. Notice was sent in compliance with 14 M.R.S. § 6111 on November 24, 2022, as evidenced by a copy of the notice, proof of certified mail and the certificate of mailing attached hereto as Exhibit D.

38. Plaintiff certifies that all steps mandated by law to provide notice of the default and of the right to cure have been taken and strictly performed.

39. By virtue of a breach of condition of the Note and Mortgage, Plaintiff hereby demands the foreclosure of the Mortgage and the sale of the Premises.

40. Defendants, Kevin M. Gray is not in the military as defined under the Servicemembers Civil Relief Act.

41. This Court has authority pursuant to 14 M.R.S. §152(5)(E) to exercise equitable authority in foreclosure actions, including reformation of the Mortgage.

**PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court:

  A. Determine that there has been a breach of condition of the Mortgage;

  B. Determine the amount due on the Note and Mortgage, including principal, interest, reasonable attorney's fees, court costs, and other expenses;

  C. Find Kevin M. Gray liable for any deficiency balance remaining due to Plaintiff after the sale of the Premises and application of the proceeds of sale;

  D. Issue a Judgment of Foreclosure and Sale in conformity with 14 M.R.S. § 6322;

  E. Order exclusive possession of the Premises to the Plaintiff upon the expiration of the statutory ninety (90) day period of redemption set forth in 14 M.R.S. § 6322, and direct the Clerk to issue a writ of possession at the request of the Plaintiff; and

  F. Grant such other and further relief as the Court may determine proper.

Dated: 1/31/23       By: */s/ Carrie Folsom*
             Carrie Folsom, Esq. #9510
             Attorney for Plaintiff
             KORDE & ASSOCIATES, P.C.
             707 Sable Oaks Dr., Suite 250
             South Portland, ME 04106
             (207) 775-6223 x25032
             CFolsom@kordeassociates.com
             MEFednotices@kordeassociates.com