UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   No. 2:23-cv-00047-JDL ) |
| KEVIN M. GRAY and LAKE ARROWHEAD COMMUNITY, INC., | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

On January 31, 2023, Plaintiff Carrington Mortgage Services, LLC ("Carrington Mortgage") filed a Complaint for Reformation of Mortgage and Foreclosure against Defendants Kevin M. Gray and Lake Arrowhead Community, Inc. ("Lake Arrowhead") (ECF No. 1). The Complaint averred that federal jurisdiction is proper in this matter because the requirements for diversity of citizenship, *see* 28 U.S.C.A. § 1332 (West 2022), are met. On the same day, Carrington Mortgage filed a Corporate Disclosure Statement (ECF No. 3) and a Diversity Disclosure Statement (ECF No. 4). For the reasons explained below, Carrington Mortgage's Diversity Disclosure Statement does not comply with the requirements of Federal Rule of Civil Procedure 7.1(a)(2), and, therefore, Carrington Mortgage is ordered to file an Amended Diversity Disclosure Statement within fourteen days of the issuance of this order. Additionally, a review of Carrington Mortgage's Complaint shows that it has not adequately pleaded its own citizenship and the citizenship of one of the Defendants, so Carrington Mortgage is further ordered to, within fourteen days of the

1

issuance of this order, amend its Complaint to properly plead the citizenship of all parties.

## I.   DISCUSSION

### A.   Carrington Mortgage's Diversity Disclosure Statement

Federal Rule of Civil Procedure 7.1 was amended, effective December 1, 2022, to require parties or intervenors in actions in which subject-matter jurisdiction is based on diversity under 28 U.S.C.A. § 1332(a) to file a Diversity Disclosure Statement unless the court orders otherwise.  The Diversity Disclosure Statement "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor."  Fed. R. Civ. P. 7.1(a)(2).  This requirement does not relieve a party from its obligation under Federal Rule of Civil Procedure 8(a)(1) to plead the grounds for jurisdiction, but it is instead "designed to facilitate an early and accurate determination of jurisdiction."  Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment.

Carrington Mortgage's Diversity Disclosure Statement does not contain sufficient information to properly determine Carrington Mortgage's citizenship.  According to the Diversity Disclosure Statement, Carrington Mortgage is a "Delaware Limited Liability Company."  ECF No. 4 at 1.  The citizenship of unincorporated entities, including limited liability companies, is determined by "the citizenship of all of its members."  *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006).  Assertions as to where limited liability companies are organized or have their principal places of business are insufficient to establish citizenship for diversity purposes.  *See D.B. Zwirn Special*

2

*Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011). Accordingly, Carrington Mortgage's Diversity Disclosure Statement does not satisfy the requirements of Rule 7.1(a)(2). *See Saunders v. Breit MF Preserve at Lakeland, LLC*, No. 8:22-cv-2542-CEH-JSS, 2023 WL 168777, at *1 (M.D. Fla. Jan. 12, 2023) (concluding that a party's Diversity Disclosure Statement was inadequate because it did not contain sufficient information to determine the citizenship of a limited liability company).

In addition, according to Carrington Mortgage's Corporate Disclosure Statement, it is wholly owned by another limited liability company, Carrington Mortgage Holdings, LLC. As the First Circuit has observed, "[i]f even one of [a party's] members is another unincorporated entity, the citizenship of that member's members . . . must then be considered." *D.B. Zwirn Special Opportunities Fund, L.P.*, 661 F.3d at 126. Thus, to identify its citizenship, Carrington Mortgage must identify the citizenship of all members of Carrington Mortgage Holdings, LLC. *See id.*; *see also Saunders*, 2023 WL 168777, at *1 (ordering parties who were unincorporated entities to amend their Diversity Disclosure Statements to "fully and completely identify the citizenship of their members, including the name and citizenship of any members of LLCs").

I also note that Carrington Mortgage's Diversity Disclosure Statement includes information as to the citizenship of Defendants Kevin M. Gray and Lake Arrowhead. Although Carrington Mortgage must include averments as to the Defendants' citizenship in its Complaint, it is not required to do so in its Diversity Disclosure Statement because neither defendant is an "individual or entity whose

3

citizenship is attributed to" Carrington Mortgage.  Fed. R. Civ. P. 7.1(a)(2).  Instead, when the defendants appear, they must also file a Diversity Disclosure Statement to identify their own citizenship.  *See id.*; D. Me. Loc. R. 7.1(a)(2) (requiring "all parties" to file a Diversity Disclosure Statement); *see also Saunders*, 2023 WL 168777, at *1 (analyzing whether the defendants included sufficient information to identify their citizenship in their Diversity Disclosure Statements); *Niemann v. Carlsen*, 4:22-cv-01110-AGF, 2023 WL 22038, at *2 (E.D. Mo. Jan. 3, 2023) (requiring the defendant to file a Diversity Disclosure Statement).

## B.     Carrington Mortgage's Complaint

Carrington Mortgage's Complaint does not properly plead its own citizenship or that of Defendant Lake Arrowhead.  According to the Complaint, Carrington Mortgage is a Delaware limited liability company and Lake Arrowhead is a Maine limited liability company.  But, as noted above, the citizenship of a limited liability company is determined by the citizenship of its members, not by the state under whose laws it is organized.  *D.B. Zwirn Special Opportunities Fund, L.P.*, 661 F.3d at 126.  Carrington Mortgage did not identify or describe the citizenship of its own members.  And Carrington Mortgage included no information, not even averments based upon information and belief, as to the identity of or citizenship of Lake Arrowhead's members.[1]  Thus, the Complaint does not adequately plead facts showing that the parties are completely diverse.  *See* Fed. R. Civ. P. 8(a)(1) (requiring

---

[1] The same deficiency is present in Carrington Mortgage's Diversity Disclosure Statement, which, as noted above, included information as to the Defendants' citizenship although such information is not required in a Diversity Disclosure Statement.

4

a party to include "a short and plain statement of the grounds for the court's jurisdiction").

## II.  CONCLUSION

For the foregoing reasons, it is **ORDERED** that Carrington Mortgage shall, within fourteen days of the issuance of this order, file an amended Diversity Disclosure Statement that complies with Fed. R. Civ. P. 7.1(a)(2). It is further **ORDERED** that Carrington Mortgage shall, within fourteen days of the issuance this order, amend its Complaint to properly plead its own citizenship and that of Lake Arrowhead.

**SO ORDERED.**

**Dated:  March 1, 2023**

                                          **/s/ JON D. LEVY**
                                      **CHIEF U.S. DISTRICT JUDGE**